WILLIAM BOYKIN *v*. STATE OF MISSISSIPPI.

[42 South. Rep., 601.]

CRIMINAL LAW.  *Evidence.  Reward for arrest.*

> In a trial for manslaughter, the admission of evidence that the statutory reward for the arrest of the accused was claimed and paid, constitutes reversible error, where the case was a close one, and such evidence may have been prejudicial to the accused.

FROM the circuit court of Clarke county.

HON. ROBERT F. COCHRAN, Judge.

Boykin, the appellant, was indicted for murder, tried and convicted (a second time) of manslaughter, and appealed to the supreme court.

The opinion discloses the facts touching the controlling point in the case.    The case was in the supreme court on appeal from a previous conviction of manslaughter, and is reported, *Boykin v. State,* 86 Miss., 481.

*Amis & Dunn,* for appellant.

The evidence in reference to the reward paid by the county should have been excluded.    The improper use of it by the district attorney in his argument made what was merely irrelevant testimony highly prejudicial to the accused.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It is always competent for the state to introduce evidence of flight and concealment as going to show guilt.    Wigmore on Evidence, 276.

In no way could the state more effectually have disproved the explanation of the accused in regard to his flight than by showing an adjudication of a court of competent jurisdiction that the accused had not surrendered, but had been apprehended by a private person under circumstances that justified the payment of a reward. Under the statute the reward is only paid when the accused is fleeing or attempting to flee. Code 1892, § 1387; *Oktibbeha County* v. *Cottrell,* 70 Miss., 117; *Monroe County* v. *Bell,* 18 South. Rep., 121. The proof of allowance and payment of the reward is competent to rebut the contention of the accused that he voluntarily surrendered. The manner in which a prisoner was arrested may be shown, and for this purpose it is proper to admit evidence that a requisition was issued by the governor of another state. *Bowles* v. *State,* 58 Ala., 335.

Argued orally by *C. C. Dunn,* for appellant, and by *R. V. Fletcher,* assistant attorney-general, for appellee.

Calhoon, J., delivered the opinion of the court.

On the testimony this is a close case, and the defendant was entitled to have none of it which was incompetent admitted, where it tended to prejudice the jury. So we must reverse, because the court below admitted evidence that the statutory reward for arrest was claimed and paid. The fruit from this seed is seen in the following language, to which the court sustained an objection, from the closing argument of the district attorney, viz.: "That man [referring to the defendant] was sold upon the block. He permitted the officer to take that stand and prove that defendant was a murderer and fugitive from justice, and take from this county $100, and never a word did the defendant say, though he was required to be right here."

This language is cited simply to show the use the evidence could be put to by so able a prosecuting officer. Now, on petition for the statutory reward, the party arrested is not required to be present. He is probably never present. If present, he

is not required, nor could he be compelled, to say a word; nor could his silence be used against him. As to him, the whole proceeding is *res inter alios acta,* and certainly the payment of the reward by the county cannot be used against him on his trial. It could serve no other purpose than to prejudice the minds of the jury. Of course, the fact of flight may be shown, and the warrant for arrest and place of arrest, as part of the *res gestae* of the case, as a circumstance in support of the theory of flight; but it cannot be fair to show a subsequent proceeding for reward, and inflame a jury of taxpayers by showing payment from the public funds. So far from this conclusion being antagonized by *Bowles* v. *State,* 58 Ala., 338, it is sustained by that case.

*Reversed and remanded.*